UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

Docket No. 22-1506

NOEL BROWN,

Appellant

V.

COMMONWEALTH OF PENNSYLVANIA, ET. AL.,

Appellees

**Brief on Behalf of Appellees,**
**Wayne County; Wayne County Sheriff's Department; Sergeant**
**Patricia Krempasky; Wayne County District Attorney's Office;**
**Wayne County Public Defender's Office; Wayne County**
**Correctional Facility; Warden Kevin Bishop; and**
**Lieutenant Justin Rivardo**

On Appeal from the Order of the United States District Court for the
Middle District of Pennsylvania dated December 22, 2021
in Civil Action No. 3:18-cv-00155

Gerard J. Geiger
PA I.D. No. 44099
NEWMAN | WILLIAMS
712 Monroe Street
Stroudsburg, PA 18360
ggeiger@newmanwilliams.com

## Table of Contents

Page

Table of Citations ..................................................... ii

I.     COUNTERSTATEMENT OF SUBJECT MATTER AND
       APPELLATE JURISDICTION ...................................... 1

II.    COUNTERSTATEMENT OF ISSUES ........................................... 1

III.   COUNTERSTATEMENT OF RELATED CASES AND
       PROCEEDINGS ............................................... 3

IV.    COUNTERSTATEMENT OF THE CASE ....................................... 3

       A. Material Facts ....................................................... 3
       B. Procedural History ..................................................... 7
       C. Rulings Presented for Review ................................... 9

V.   SUMMARY OF ARGUMENT ............................................. 10

VI.   ARGUMENT ................................................................... 11

     A. Counterstatement of Scope and Standard of Review .................. 11

     B. Claims not against §1983 "Persons" ............................................ 11

     C. Defamation Claims against Sergeant Krempasky......................... 12

     D. Claims against Rivardo & Bishop .................................... 13

     E. Wayne County Claims ............................................. ...... 14

VII.   CONCLUSION ............................................................16

VIII. COMBINED CERTIFICATIONS....................................................17

# Table of Authorities

<u>Cases</u>

*Bellas v. Lackawanna County, No. 3:*
  17cv342, 2018 U.S. Dist. LEXIS 17671 (M.D. Pa. Feb. 2, 2018) ............. *11*

*Bielevicz v. Dubinon,*
  915 F. 2d 845 (3d Cir. 1990) .................................................. *15*

*Briggs v. Moore,*
  251 F. App'x 77 (3d Cir. 2007) .............................................. *11*

*City of L.A. v. Heller,*
  475 U.S. 796 (1986) ........................................................... *15*

*Commonwealth v. Brown,*
  179 A.3d 590 (Pa. Super. Ct. 2017) .................................... *3, 4, 5*

*Connick v. Thompson,*
  563 U.S. 51, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) ............................ *15*

*Gilbert v. Bionetics Corp., Civ. Act.*
  No. 98-2668, 2000 U.S. Dist. LEXIS 8736 (E.D. Pa. June 6, 2000)  *12, 13*

*Knellinger v. York St. Prop. Dev., LP,*
  57 F. Supp. 3d 462 (E.D. Pa. 2014) ...................................... *16*

*Monell v. Department of Social Services of the City of New York*
  (436 U.S. 691 (1978) ......................................................... *15*

*Reed v. Brown,*
  166 A.3d 570 (Pa. Commw. Ct. 2017) .................................... *12*

*Spears v. Curcillo, No. 1:13-CV-3053,*
  2018 U.S. Dist. LEXIS 186208 (M.D. Pa. Oct. 31, 2018) ...................... *13*

*Ward v. Noonan*
  147 F. Supp. 3d (M.D. Pa. 2015) .......................................... *15*

*Williams v. Lackawanna County Prison, No. 1:*
  13-CV-00849, 2015 U.S. Dist. LEXIS 104414 (M.D. Pa. Aug. 10, 2015) *13-14*

Statutes

28 U.S.C. § 1291 ............................................................................................. *1*

28 U.S.C. § 1331 ............................................................................................. *1*

42 U.S.C. § 1983 ................................................................ *10*, 11, 15

# I.    COUNTERSTATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

# II.    COUNTERSTATEMENT OF ISSUES

Should the Court affirm the District Court's decision to dismiss Brown's amended complaint because, as a matter of law, he failed to state a cause of action? The following issues were decided by the District Court.

A. **Section 1983 Persons**: Did the District Court correctly rule that the following defendants are not persons under Section 1983:

    a.  The Wayne County Sheriff's Department;

    b.  The Public Defender's Office of Wayne County;

    c.  The District Attorney's Office of Wayne County;

    d.  The Wayne County Correctional Facility?

Suggested answer: Yes

B. **Defamation:** Did the District Court correctly rule that Sgt. Krempasky did not defame Brown for accurately telling him

that he was guilty of a crime given that truth is a defense and
there was no "publication" of the statement to third parties?

Suggested answer: yes

C. **"No more grievances":** Did the District Court correctly rule
that Brown failed to state a constitutional claim against Warden
Bishop who allegedly told him not to write any more
grievances?

Suggested answer: yes.

D. **Lt. Rivardo:** Did the District Court correctly rule that Brown
failed to state a constitutional claim against Lt. Rivardo for
removing him from the gym and back to his cell?

Suggested answer: yes.

E. **Monell Claim:** Did the District Court correctly rule that
Brown failed to state a *Monell* claim against Wayne County for
failing to identify a County policy that deprived him of his
federal constitutional rights?

Suggested answer: yes.

## III.  COUNTERSTATEMENT OF RELATED CASES AND PROCEEDINGS

This case has not previously been before this court and there are no related cases or proceedings.

## IV.  COUNTERSTATEMENT OF THE CASE

### A.    Material Facts

*Overview*

The Wayne County defendants moved to dismiss Brown's amended complaint under Rule 12(b)(6) for failing to state a cause of action.

The District Court granted the County defendants' motion after giving Brown an opportunity to amend his initial complaint to state a cause of action.

*Brown's Criminal Case*

In *Commonwealth v. Brown*, 179 A.3d 590 (Pa. Super. Ct. 2017) the Pennsylvania Superior Court provided details about Noel Brown's conviction and trial.[1] Brown was found guilty of interference with custody of children, dissemination of photos of child sex acts, corruption of minors, furnishing liquor to minors, and trafficking in minors. The victim was a 15-

---

[1] The appellees request that the court take judicial notice of the Superior Court's decision.

year-old runaway girl. Brown got her drunk, took nude photos of her and then offered to act as her pimp. *Id.*

In his criminal case, Brown insisted on representing himself, but the Wayne County Court of Common Pleas appointed standby counsel for him. *Id.* Brown continued to represent himself in his unsuccessful appeals. *Id.*

On February 3, 2017, the trial court sentenced Brown to an aggregate term of 180 to 384 months of incarceration and he remains incarcerated. *Id.*

### *Public Defender's Office Claim*

Brown claims that his Public Defender, Attorney Steven Burlein, was assigned as his "standby" counsel for his criminal trial and failed to help him by complying with Browns' demand that Burlein subpoena witnesses for him. Amended Complaint, ¶ 6 (Doc. No. 69).  However, in affirming Brown's conviction, the Superior Court noted that Brown insisted on representing himself during his criminal trial. *Commonwealth v. Brown*, 179 A.3d 590 (Pa. Super. Ct. 2017) ("Appellant informed the trial court that he remained steadfast in his desire to represent himself.").

*District Attorney's Office Claim*

Brown claims that DA Janine Edwards[2] made false statements during his criminal trial, slandered him in open court and fabricated evidence. Amended Complaint, ¶ 4. Brown focused on the DA's role as an advocate during a criminal trial which, of course, is subject to absolute prosecutorial immunity.

*Wayne County Correctional Facility*

Beginning at ¶ 11 of his Amended Complaint, Brown complains that he is a vegan and was served a meal with meat on one occasion on July 23, 2016, and that on August 9, 2016, he contracted a food borne illness because his meal was undercooked. *Id.* at ¶ 12.

Brown also complains that on August 26, 2016, he received "death threats" from correctional officers after demanding consultation with a dietician. *Id.* at ¶ 13.

Brown complains that on August 2, 2016, he was subjected to a strip search and that officers threatened to taze him. *Id.* at ¶ 14.

Finally, Brown complains that on October 2, 2016, he was brought to the jail's medical department because of complaints related to his food

---

[2] Edwards is now the Wayne County Common Pleas President Judge.

consumption and that the medical department refused to send him to the hospital.

Brown does not name the individuals he claims are responsible for these acts--just the jail.

### Sgt. Krempasky

Brown claims that while awaiting the jury's verdict in his criminal trial, Sgt. Krempasky, defamed him by accusing him of a crime. In fact, the jury returned a verdict against Brown convicting him of a felony. Amended Complaint, ¶ 3.

### Sheriff's Department

It appears that Brown's claims against the Sheriff's Department are based on Sgt. Krempasky's "defamatory" comment to Brown that he was guilty of a crime. He includes no claim that Krempasky made these comments to a third party or why he believes her statements were false given his conviction.

### WCCF Warden Bishop

Brown claims that on October 4, 2016, Warden Bishop told him "not to write anymore Grievance (sic) or Else (sic)." Amended Complaint, ¶ 16. (Doc. No. 69).

*WCCF Lt. Justin Rivardo*

Brown's claims against Lt. Rivardo are not clear. Brown includes a memo from Warden Bishop that he spoke with Lt. Rivardo about Brown's food concerns. There is a cryptic reference that mentions Rivardo when he alleges that Brown was taken to his cell to be strip searched and threatened with tazing:

> "At the Wayne county correctional facility on 08-02-2016 time
> 14:08 hours Plaintiff was taken by the staff of WCCF. LT. Rivardo
> Plaintiff was removed from the Gym and back to Plaintiff Cell
> in the Housing Unit alone were Plaintiff was force to Stripp
> naked, WCCF officers conducted caverty Search using Threats of
> being Tazzed." (sic)

Amended Complaint, ¶14 (Doc. No. 69).

## B.   Procedural History

On January 11, 2018, Noel Brown filed a pro se civil rights complaint on behalf of himself and four others he claims are relatives. (ECF No. 4).[3]

On January 30, 2020, in response to the Wayne County defendants' motion to dismiss, Magistrate Judge Arbuckle filed a Report & Recommendation recommending that all of Brown's claims be dismissed in their entirety. (ECF No. 66).

---

[3] All "ECF" references are to the District Court's docket.

Judge Mannion adopted the Report & Recommendation in full on February 21, 2020 (ECF No. 68) but gave Brown thirty days to file an Amended Complaint.

On February 26, 2020, Brown filed an Amended Complaint (ECF No. 69) which did not cure the defects found in his original complaint.

On March 11, 2020, the County Defendants filed a Motion to Dismiss (ECF No. 70) Plaintiff's Amended Complaint (Doc. No. 69).

On August 4, 2020, in response to the Wayne County defendants' motion to dismiss, Judge Arbuckle filed two Report & Recommendations (ECF 87+88) recommending that all of Brown's claims be dismissed in their entirety.

On March 15, 2021, Judge Mannion adopted Judge Arbuckle's two Reports and Recommendations in their entirety and directed the Clerk of Court to close this case. (ECF No. 94).

On January 6, 2022, Noel Brown filed an appeal to the United States Court of Appeals for the Third Circuit. (ECF No. 102).

On October 3, 2022, Noel Brown filed his brief with the Court of Appeals for the Third Circuit.[4]

---

[4] The brief was not entered on the record until October 11, 2022, at which time it was electronically served on appellees' counsel.

The Wayne County defendants now file this responsive brief.

### C. Rulings Presented for Review

In his Notice of Appeal, filed on January 6, 2022, Brown appeals from these orders of the District Court:

1. **Doc. No. 94**: A March 15, 2021, order which granted the plaintiff's motion to dismiss. In doing so the court:

    a.  adopted Judge Arbuckle's First and Second Report, (Doc. 87; and Doc. 88) in their entirety;

    b. overruled Plaintiff's objections to the Second Report, (Doc 89);

    c. granted Wayne Defendants' motion to dismiss (Doc. 70), and dismissed the claims against them with prejudice;

    d. dismissed with prejudice Plaintiff's federal claims against all other defendants;

    e. denied the Plaintiff's motion to strike Wayne Defendant's brief in opposition, (Doc 90);

    f.  declined to retain supplemental jurisdiction over Brown's remaining state law claims and dismissing those claims without prejudice.

## V.   SUMMARY OF ARGUMENT

Brown's § 1983 claims against defendants, Wayne County Sheriff's Department, the District Attorney's Office of Wayne County, and the Wayne County Correctional Facility were properly dismissed because these entities do not fit the definition of "persons" under 42 U.S.C. § 1983.

Brown failed to state the essential elements of a claim for defamation against Sergeant Krempasky. Even if Krempasky told Brown he was a criminal, the statement was true which by definition, is not defamation. He also did not allege that Krempasky "published" the statement to third parties.

Brown fails to state a valid constitutional claim against Defendants Rivardo and Bishop. There are no allegations that satisfy an 8th Amendment claim against Rivardo and there is no recovery for interfering with giving an inmate access to a grievance system.

The Wayne County claim must fail as well. For there to be a claim against the county, Monell requires Brown to identify an unconstitutional policy that caused him to be deprived of his constitutional rights. Brown identified no such policy. Brown has likely sued the County under the belief that as the employer of the individuals he named, that the County is liable.

However, vicarious liability is not a proper theory on which to base a *Monell* claim.

## VI.  ARGUMENT

### A.  Counterstatement of Scope and Standard of Review

The scope of review is plenary. The standard of review is whether the District Court committed an error of law.

### B.  Claims not against §1983 "Persons"

The District Court agreed with the defendants that the Plaintiff's constitutional claims against defendants Wayne County Sheriff's Department, the District Attorney's Office of Wayne County, and the Wayne County Correctional Facility should be dismissed because these entities are not "persons" under §1983. See e.g., *Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (county district attorney's office not entity for purposes of § 1983 liability); *Bellas v. Lackawanna County*, No. 3:17cv342, 2018 U.S. Dist. LEXIS 17671, at *11 (M.D. Pa. Feb. 2, 2018) (Lackawanna County Sheriff's Department is not a separate entity which may be sued under section 1983).

### C.    Defamation Claims against Sergeant Krempasky

The District Court properly dismissed Brown's defamation claim against Sgt. Krempasky.

As Magistrate Judge Arbuckle noted, Brown failed to include the essential elements of such a claim because Brown did not allege what Defendant Krempasky said, whom she said it to, whether the people she made the allegedly defamatory statement to understood its meaning or that it applied to Plaintiff and has not identified what harm resulted as a result of the statement. R&R, at pp. 19, 20 (Doc. No. 87). This is essential because defamation requires "publication" to a third party. *Reed v. Brown*, 166 A.3d 570, 575 (Pa. Commw. Ct. 2017) ("[R]egardless of where the defamatory statement is written or printed, no cause of action for libel [defamation] arises until there is a publication of the defamatory matter, which is its communication intentionally or by negligent act to one other than the person defamed.").

More importantly, even if Krempasky told Brown he was a criminal, the statement was true. He was convicted by a jury of trafficking in minors.

Truth is a complete defense in a defamation action. *Gilbert v. Bionetics Corp.*, Civ. Act. No. 98-2668, 2000 U.S. Dist. LEXIS 8736, at *12 n.2 (E.D. Pa. June 6, 2000).

### D.    Claims against Rivardo & Bishop

As the District Court noted, Plaintiff did not describe what Lt. Rivardo did.  His name is mentioned in the Warden's memo regarding his food and in transferring Brown from the gym to his cell where he was threatened with tazing and was allegedly subjected to a body cavity search.

Brown does not allege that Rivardo performed the search but presumably he is named because of his supervisory role at the jail. However, even if Rivardo personally participated, a visual body cavity search amounts to cruel and unusual punishment in violation of the 8th Amendment only if it is "undertaken maliciously or for the purposes of sexually abusing an inmate." *Id.* at 336 (quoting *Crawford v. Cuomo*, 796 F.3d 252,258 (2d Cir. 2015)); *Spears v. Curcillo*, No. 1:13-CV-3053, 2018 U.S. Dist. LEXIS 186208, at *26 (M.D. Pa. Oct. 31, 2018) (Caputo, J.).There are no allegations that satisfy such an 8th Amendment claim.

With respect to Warden Bishop, Brown sues the Warden for telling him not to write any more grievances. Amended Complaint, ¶ 16. Even if Warden Bishop had done that and gone so far as to prevent Brown from filing grievances, he fails to state a constitutional claim.  Brown has no constitutional right to a grievance procedure. *Williams v. Lackawanna*

*County Prison,* No. 1:13-CV-00849, 2015 U.S. Dist. LEXIS 104414, at *17 (M.D. Pa. Aug. 10, 2015) (Kane, J.)

Citing *Romero v. Johnson*, 2015 WL 1285885 at *4 (M.D. Pa. Mar. 20, 2015), a claim that prison staff refused to give an inmate grievance form on multiple occasions), Judge Arbuckle agreed with the defense that there can be no recovery for interfering with Brown's access to the grievance system because there is no constitutional right to a grievance procedure in the first place. R&R, p. 83.

Of course, scolding Brown for filing too many grievances and telling him not to do it anymore, is not interfering with Brown's right to continue to complain.

### E.    Wayne County Claims

Judge Arbuckle ruled that there was no claim against Wayne County because Brown's theories against the County appear to be premised on *respondeat superior.*  Report & Recommendation, p. 25 (Doc. No. 87).

The judge agreed with the defense that for there to be a claim against the County, *Monell* requires Brown to identify an unconstitutional policy that caused him to be deprived of his constitutional rights. He identified no such policy. Local governments "are responsible only for their own illegal

acts"; they cannot be held vicariously liable under §1983 for their employees' actions. *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011).

To establish municipal liability under §1983, a plaintiff must prove that "action pursuant to official municipal policy" caused his injury. *Monell v. Department of Social Services of the City of New York* (436 U.S. 691 (1978)).

The Third Circuit has stated that "proof of the mere existence of an unlawful policy or custom is not enough to maintain a §1983 action." *Bielevicz v. Dubinon*, 915 F. 2d 845, 850 (3d Cir. 1990). "A plaintiff bears the additional burden of proving that the municipal practice was the proximate cause of the injuries suffered." Id. (citing *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984)). "To establish the necessary causation, a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the municipality's custom and the specific deprivation of constitutional rights at issue." *Bielevicz,* 915 F.2d, 850 (citations omitted); *Ward v. Noonan*, 147 F. Supp. 3d at 295-96 (M.D. Pa. 2015).

Since the individual defendants did not deprive Brown of his constitutional rights, there can be no *Monell* claim relating to unconstitutional policies. *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986);

*Knellinger v. York St. Prop. Dev., LP*, 57 F. Supp. 3d 462, 471 (E.D. Pa. 2014).

It is apparent that Brown sues the County because he believes that as the employer of the individuals he named, the County is liable. But, as noted above, vicarious liability is not a proper theory on which to base a *Monell* claim. The District Court properly rejected Brown's *Monell* claim.


## VII.  CONCLUSION

The defendants/appellees, Wayne County, Wayne County Sheriff's Department, Sergeant Patricia Krempasky, Wayne County District Attorney's Office, Wayne County Public Defender's Office, Wayne County Correctional Facility, Warden Kevin Bishop, and Lieutenant Justin Rivardo ask that the Court affirm the judgment of the District Court.

NEWMAN | WILLIAMS
By: s/ Gerard J. Geiger, Esq.

Date: November 9, 2022

## VIII.    COMBINED CERTIFICATIONS

### A.    Bar Membership

I certify that I am a member of the bar for the United States Court of Appeals for the Third Circuit.

### B.    Word Count

I certify that this brief, not including certifications and tables, contains 2,866 words based upon the word count feature of Microsoft Word. It is also within the 30-page limit for a principal brief.

### C.    Service

I certify that on this date, I served this Brief upon plaintiff by first class mail addressed as follows:

Noel Brown
SCI-Somerset
1600 Walters Mill Road
Somerset, PA 15510

### D.    Identical Compliance of Brief

I certify that the Electronic Copy and the Paper Copy of this Brief are identical.

### E.    Virus Check

I certify that I performed a virus check on the electronic version of this brief using Avast Business Version 22.7.1084 and no viruses were detected.

NEWMAN | WILLIAMS

By: s/ Gerard J. Geiger, Esq.

Date: November 9, 2022